**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

TYREK DUBOSE,

                        Plaintiff,                    9:21-CV-1091
    v.                                                              (AMN/CFH)

ROSEMARIE WENDLAND, et al.,

                        Defendants.
_____

**APPEARANCES:**                                  **OF COUNSEL:**
Tyrek Dubose
1629 St. Johns Place
Apt. 2B
Brooklyn, New York 11233
Plaintiff pro se

Attorney General for the                    NICHOLAS W. DORANDO, ESQ.
State of New York                               Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for defendants

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

      Plaintiff pro se Tyrek Dubose ("plaintiff"), who was at all relevant times in the custody of New York State Department of Corrections and Community Supervision ("DOCCS"), brought this action pursuant to 42 U.S.C. § 1983, alleging that defendants Rosemarie Wendland ("Wendland"), Jane Doe #1, John Doe #1, and John Doe #2 (collectively, "defendants") violated his constitutional rights under the Eighth

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c)

Amendment.  See Dkt. No. 1 ("Compl").  Presently pending before the Court is Wendland's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(b).[2]  See Dkt. No. 29.  For the following reasons, it is recommended that the motion be granted, and plaintiff's complaint be dismissed.

## I. Background

Plaintiff commenced this action on October 6, 2021, by filing a complaint and a motion for leave to proceed in forma pauperis ("IFP").  See Compl.; Dkt. No. 2.  The Court administratively closed the case for plaintiff's failure to comply with the filing fee requirement.  See Dkt. No. 4.  The Court ordered plaintiff to either pay the filing fee or submit a completed and signed IFP application, and to submit a completed and signed inmate authorization form if he wished to proceed with the case.  See id. at 3.[3]  On November 12, 2021, plaintiff filed a signed inmate authorization form, and the case was

---

[2] In Assistant Attorney General Nicholas W. Dorando's declaration, which he attaches to the motion to dismiss, he states that his "declaration [is] in support of the motion by defendant Wendland for an order dismissing Plaintiff's complaint pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure."  Dkt. No. 29-1 at 1, ¶ 2.  The Preliminary Statement if the motion to dismiss also states, "[d]efendant Wendland respectfully requests an Order dismissing this action, with prejudice, pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 37(b), Local Rule 1.1(d) on the ground that [p]laintiff has failed to prosecute this action and comply with the Court's Orders."  Dkt. No. 29-2 at 3.  Beyond this, defendant Wendland does not make an argument concerning Rule 37(b) or Local Rule 1.1(d).  See id. at 3-8.  The Court will not analyze the applicability of rules based on defendant Wendland mentioning them where no argument is advanced.  See United States v. Elliott Fuentes, No. 9-CR-00143 (RJA/JJM), 2012 WL 4754736, at *3 (W.D.N.Y. Apr. 25, 2012) ("His arguments are also largely conclusory, boilerplate, undeveloped and bereft of any supporting case authority.  To the extent his arguments are raised in such a fashion, I consider them waived, and recommend the denial of this aspect of [the] defendant['s] motion on this basis."), report and recommendation adopted sub nom. United States v. Fuentes, 2012 WL 4754744 (W.D.N.Y. Oct. 4, 2012); Gross v. Rell, 585 F.3d 72, 95 (2d Cir. 2009) (citation omitted) (concluding that an issue had been waived because "[m]erely mentioning the relevant issue in an opening brief is not enough; '[i]ssues not sufficiently argued are in general deemed waived and will not be considered on appeal.'"), certified question answered, 40 A.3d 240 (2012).  The undersigned will analyze only the argument that is fully briefed by defendant Wendland—that plaintiff's complaint should be dismissed under Rule 41(b).  See id. at 5-7; see also FED. R. CIV. P. 41(b).
[3] Citations are to the pagination generated by CM/ECF in the pages' headers.

2

reopened on November 15, 2021.  See Dkt. Nos. 7, 8.  Plaintiff failed to pay the filing fee or submit a complete IFP application.  See Dkt. No. 10 at 3.  The Court granted plaintiff one final opportunity to comply and ordered him to pay the filing fee; submit a completed, signed, and certified IFP application; or submit a signed and completed IFP application and a certified copy of his inmate account.  See id. at 4.  On January 31, 2022, plaintiff filed a signed and completed IFP application along with a copy of his inmate account.  See Dkt. No. 11.  The inmate account was not certified by a DOCCS' employee "due to [plaintiff] not receiving any responses[.]"  Dkt. No. 11-1 at 1; see also Dkt. No. 11 at 2.  On March 24, 2022, plaintiff submitted a letter request seeking an order granting him access to the law library and other legal materials at Fishkill Correctional Facility.  See Dkt. No 12.

On April 25, 2022, Senior District Judge Lawrence E. Kahn reviewed plaintiff's IFP application and his complaint pursuant to 28 U.S.C. § 1915, and his letter motion.  See Dkt. No. 13.  Judge Kahn granted plaintiff's IFP application.  See id. at 2.  Plaintiff's Eighth Amendment claims against Jane Doe #1, John Doe #1, and John Doe #2 survived initial review.  See id. at 5-7.  The Court explained, "[i]f [p]laintiff wishes to pursue his claims against [d]efendants Doe 1, Doe 2, and Nurse Doe, he must take reasonable steps to ascertain through discovery the identity of those individuals."  Id. at 7.  Judge Kahn dismissed the claims against John Doe #3 and Wendland for failure to state a claim upon which relief may be granted.  See id. at 9, 11.  Judge Kahn "direct[ed] that Defendant Wendland remain a party in the action so that service may proceed and issue may be joined."  Id. at 7, n.4; 14.  Judge Kahn then denied plaintiff's letter request.  See id. at 12-13.  Plaintiff was ordered to take reasonable steps to

3

ascertain the identifies of the Jane and John Doe defendants, through discovery, and was informed of his duty to notify the Court and defendants of a change in his address. See id. at 15.  Judge Kahn informed plaintiff that his **"failure to timely serve those defendants will result in dismissal** of the claims asserted against them and termination of those defendants from the action[.]"  Id.  A summons was issued for Wendland, she acknowledged service, and counsel filed a notice of appearance on her behalf.  See Dkt. Nos. 15, 17, 18.

On May 12, 2022, plaintiff wrote a letter to the Attorney General's Office.  See Dkt. No. 29-1 at 3, ¶ 11.  On May 13, 2022, plaintiff filed a notice of change of address.  See Dkt. No. 16.  On June 2, 2022, plaintiff filed a letter which included discovery documents.  See Dkt. No. 20.  The Court struck the document from the docket pursuant to Local Rule 26.2.  See Dkt. No. 21; N.D.N.Y L.R. 26.2.  On June 6, 2022, plaintiff filed a letter requesting a courtesy copy of his complaint.  See Dkt. No. 22.  The undersigned granted plaintiff's letter request but advised him that future requests would require payment of the Court's copying fee.  See Dkt. No. 23.

On June 27, 2022, Wendland filed an answer to plaintiff's complaint.  See Dkt. No. 24.  The undersigned then issued a Mandatory Pretrial Discovery and Scheduling Order setting the discovery deadline as December 28, 2022, and the dispositive motions deadline as February 28, 2023.  See Dkt. No. 25 at 5.  On September 1, 2022, plaintiff filed a letter providing a change of his address following his release from incarceration, informing the Court that he was actively seeking counsel, and requesting an extension of discovery deadlines.  See Dkt. No. 26.  The undersigned denied plaintiff's extension request as premature.  See Dkt. No. 27.  A copy of the Text Order

4

was served on plaintiff via regular mail.  See id.  Wendland served her initial disclosures on plaintiff on December 9, 2022, which included 363 pages of discovery documents.  See Dkt. No. 29-1 at 2-3, ¶¶ 9, 11; 7; Dkt. No. 29-2 at 4.  On January 19, 2023, the case was reassigned to District Judge Anne M. Nardacci.  See Dkt. No. 28.  A copy of the Order reassigning the case was served on plaintiff via regular mail.  See id.  Wendland served a notice and copy of her motion to dismiss for failure to prosecute on plaintiff on February 27, 2023.  See Dkt. No. 29 at 1.

### II. Discussion

### A. Rule 41(b)

Fed. R. Civ. P. 41(b) provides that "a defendant may move to dismiss the action" "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order[.]"  FED. R. CIV. P. 41(b); see also Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam); N.D.N.Y. L.R. 41.2(a).  A dismissal under Rule 41(b) "is a harsh remedy and is appropriate only in extreme situations."  Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted).  Where, as here, the plaintiff is proceeding pro se, "courts should be especially hesitant to dismiss for procedural deficiencies[.]" Id.; see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[P]ro se plaintiffs should be granted special leniency regarding procedural matters.").  Determining whether an action should be dismissed under Rule 41(b) involves the analysis of five factors.  The Court must examine:

> (1) the duration of the plaintiff's failure to comply with the court order,

> (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal,
>
> (3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
>
> (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and
>
> (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (spacing added) (citations omitted). "No one factor is dispositive[.]" U.S. ex. rel Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting Fed. R. Civ. P. 41(b)).

After assessing the relevant factors, the undersigned concludes that dismissal under Rule 41(b) is appropriate. The first factor involves two inquiries: "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." Drake, 375 F.3d at 255. First, the failure to prosecute is plaintiff's failure as he has the duty to identify and serve the Jane and John Doe defendants. See Dkt. No. 13 at 7, 15; see also Boyd v. Doe #1, No. 9:18-CV-1333 (TJM/ATB), 2021 WL 7542409, at *25 (N.D.N.Y. Nov. 30, 2021) (citations omitted) ("[The p]laintiff had a duty to diligently litigate his claims against the Doe defendants, including a specific duty to identify, name, and serve them."), report and recommendation adopted, 2022 WL 823648 (N.D.N.Y. Mar. 18, 2022);[4] Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice

---

[4] All unpublished cases cited in this Report-Recommendation and Order have been provided to plaintiff, unless otherwise noted.

6

to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Plaintiff has not identified the Doe defendants nor communicated with the Court since September 1, 2022—over eleven months ago. See Dkt. No. 26. This is despite defendants providing him with 363 pages of discovery. See Dkt. No. 29-1 at 3, ¶ 11; 7; Dkt. No. 29-2 at 4. Second, the eleven-month delay is significant. Local Rule 41.2(a) provides that "failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). Courts have also repeatedly determined that a plaintiff's failure to comply with court orders or prosecute a case for several months weighs in favor of dismissal. See Mayer v. Clinton County, No. 9:17-CV-905 (GLS/CFH), 2020 WL 5536800, at *5 (N.D.N.Y. Aug. 7, 2020) (citations omitted) (collecting cases supporting dismissal where the plaintiff did not appear or communicate with a court for four, five, or "more than six months[.]"), report and recommendation adopted sub nom. Mayer v. Liberty, 2020 WL 5531543 (N.D.N.Y. Sept. 15, 2020); Lewis v. Livingston County, 314 F.R.D. 77, 80 (W.D.N.Y. 2016) (citations omitted) (collecting cases to support dismissal following "a ten-month delay of the case, which is sufficient to justify dismissal for failure to prosecute."); Lynch v. Police Officer Hanley, et al., No. 1:21-CV-00025 (AMN/ML), 2023 WL 4763941, at *4 (N.D.N.Y. July 26, 2023) (collecting cases dismissing complaints after seven-month, thirty-nine-day, and six-month delays); Boyd, 2021 WL 7542409, at *25 ("[The p]laintiff has displayed a complete disregard of that warning during the almost year-long delay in naming the Doe defendants, despite having known their identities."). Thus, the duration of plaintiff's failure to comply with the court order favors dismissal.

7

Next, as to whether plaintiff was on notice that his failure to comply with court orders would result in dismissal, the Court warned plaintiff that failure to identify and serve the Jane and John Doe defendants would result in dismissal of the claims against them.  See Dkt. No. 13 at 7-8, 15.  Wendland is a party to this action solely for service purposes, and only the Jane and John Doe defendants have claims remaining against them.  See id. at 7, n.4, 13-14.  Thus, dismissal of the claims against the Jane and John Doe defendants will result in dismissal of the entire action.  The Court's notice to plaintiff concerning dismissal of the claims against the Jane and John Doe defendants leans this factor in favor of dismissal.  See Urgiles v. Dep't of Corr. of New York State, No. 20-CV-04373 (PMH), 2021 WL 3682238, at *3 (S.D.N.Y. Aug. 19, 2021) (dismissing complaint where the plaintiff failed to comply with the court's order to identify Doe defendants for over eight months after being warned of consequences); Dozier v. Doe, No. 9:17-CV-584 (MAD/DEP), 2019 WL 2997241, at *4 (N.D.N.Y. Feb. 27, 2019) (dismissing complaint after failure to communicate with Court or identify Doe defendants for approximately nine months), report and recommendation adopted, 2019 WL 2314560 (N.D.N.Y. May 31, 2019).

As to the third factor—whether defendants will be prejudiced by further delay—a delay is unreasonable where "one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult."  Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999).  A defendant's "inability to depose [the] plaintiff or collect necessary documents to defend [themselves] in [a] matter weighs in favor of dismissal."  Mayer, 2020 WL 5536800, at *5.  Additionally, "[p]rejudice may be presumed as a matter of law in certain cases, but

the issue turns on the degree to which the delay was lengthy and inexcusable." Drake, 375 F.3d at 256 (citing Lyell Theatre Corp., 682 F.3d at 43). "In cases where 'delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.'" Id. (citation omitted). "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." Caussade v. United States, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (collecting cases) (citations omitted).

      Wendland argues that the preparation of her defense is being significantly affected by plaintiff's delay in prosecution of the case. See Dkt. No. 29-2 at 7. Wendland contends that because the events alleged in plaintiff's complaint are from December 2020, "[m]emory of the event giving rise to [p]laintiff's claims has likely faded from [d]efendants, witnesses, and [p]laintiff himself, who has yet to be deposed." Id. The undersigned agrees that plaintiff's lack of communication with the Court and defendants prejudices defendants' ability to prepare their defense. See Hutcheon v. Farnum, No. 9:18-CV-00203 (MAD/CFH), 2019 WL 7971873, at *3 (N.D.N.Y. Nov. 4, 2019) ("[The] defendant has been prejudiced by [the] plaintiff's complete failure to participate in discovery."), report and recommendation adopted, 2020 WL 90786 (N.D.N.Y. Jan. 8, 2020); McMillan v. Bowers, No. 9:21-CV-889 (LEK/CFH), 2022 WL 19405935, at *4 (N.D.N.Y. Nov. 28, 2022) (citation omitted) ("Since [the] plaintiff has failed to produce any discovery, access to relevant discovery would be impacted by further delay, including further delay of the parties' abilities to locate witnesses and preserve evidence."), report-recommendation and order adopted, 2023 WL 2534413 (N.D.N.Y. Mar. 16, 2023). Further, as plaintiff has not participated in the case for eleven months, prejudice is presumed. See Caussade, 293 F.R.D. at 631 (presuming

prejudice based on seven-month delay); McMillan, 2022 WL 19405935, at *4 (presuming prejudice after an approximately ten-month delay).

As to the fourth factor, "the undersigned concludes that '[p]laintiff's continu[ed] failure to comply with court orders [or] participate in discovery has significantly delayed the resolution of this matter, thereby contributing to the Court's congestion." Mayer, 2020 WL 5536800, at *5 (citation omitted) (alterations in original). The Court promptly responded to plaintiff's letter request for an extension of deadlines, informed him that the request was premature, and reiterated the discovery deadlines which had not yet passed. See Dkt. Nos. 26, 27. Attorney Dorando declares that "[d]efendant has not received a single discovery request from [p]laintiff, nor has [p]laintiff filed an amended pleading naming the Doe Defendants." Dkt. No. 29-1 at 3, ¶¶ 11-12. This is despite Wendland serving initial disclosures on plaintiff in December 2022. See id. at 2, ¶ 9; 5-8.

Plaintiff's failure to move the case forward subordinates his interest in being heard to the Court's interest in managing its docket. Pena v. Zazzle Inc., 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022) (citation omitted) ("Although [the plaintiff's] failure to prosecute is a 'silent' failure," as opposed to one that is "vexatious and burdensome[,]" "the Court has a strong interest in managing its docket and cannot indefinitely wait for [the plaintiff] to turn his attention to this case. Furthermore, his 'failure to comply with the court's order or make an attempt to prosecute this case dismisses his right to have the court hear his claim."); see also Lynch, 2023 WL 4763941, at *5 ("A plaintiff's interest in receiving a fair opportunity to be heard is sufficiently protected where the plaintiff receives specific notice that his or her claims are in danger of dismissal and fails

10

to act upon that notice."). Importantly, "fairness to other litigants, whether in the same case or merely in the same court (as competitors for scarce judicial resources)," may require a district court to dismiss a case pursuant to Rule 41(b). Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 668 (2d Cir. 1980). As plaintiff received notice of the consequences for his failure to timely identify and serve the Jane and John Doe defendants and he has taken no actions to identify them or communicate with the Court, the Court's interest in managing its docket tips the fourth factor in favor of dismissal.

Finally, as to whether there are other less drastic sanctions to dismissal, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record[.]" S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010) (citation omitted). "Courts consistently find that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted because the plaintiff would be unaware of any lesser sanction that could be imposed." Caussade, 293 F.R.D. at 631 (collecting cases) (citations omitted). The undersigned is cognizant of plaintiff's pro se status; however, lesser sanctions are unlikely to be successful in motivating plaintiff to participate in this action as he has not once contacted the Court since September 2022, and he appears uninterested in prosecuting this case. Although plaintiff informed the Court of his change in address, see Dkt. No. 26, he has not since identified the Jane and John Doe defendants, responded to this motion, or engaged with defendants or the Court in any way. See Jackson v. United States, No. 8:17-CV-1157 (MAD/CFH), 2020 WL 109009, at *5 (N.D.N.Y. Jan. 9, 2020) (determining that lesser sanctions were not appropriate because the plaintiff "repeatedly failed to update the Court with regards to obtaining new

11

counsel[,]" "failed respond to the motion currently before the Court[,]" and failed "to attend Court-ordered telephone conferences."); Coward v. Town & Vill. of Harrison, 665 F. Supp. 2d 281, 300 (S.D.N.Y. 2009) (citation omitted) (alteration in original) ("Where a plaintiff 'has had ample time to identify' a John Doe defendant but gives 'no indication that he has made any effort to discover the [defendant's] name,' however, the plaintiff 'simply cannot continue to maintain a suit against' the John Doe defendant."). As such, this factor weighs in favor of dismissal.

After careful consideration of the relevant factors, the undersigned concludes that dismissal of plaintiff's complaint is warranted under Rule 41(b). See FED. R CIV. P. 41(b). Accordingly, it is recommended that Wendland's motion to dismiss be granted and plaintiff's complaint be dismissed. In deference to his pro se status, the Court recommends dismissing the complaint without prejudice. Thrall v. Cent. New York Reg'l Transp. Auth., 399 F. App'x 663, 666 (2d Cir. 2010) (summary order) (vacating and remanded district court dismissal to enter dismissal without prejudice because "the case was still in its preliminary stages—no action had been taken other than the filing of the initial complaint—and thus neither the parties nor the court would have been unduly burdened by its potential renewal."); Lynch, 2023 WL 4763941, at *6 (dismissing complaint without prejudice). But see Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1725 (2020) (citation omitted) ("Federal Rule of Civil Procedure 41(b) . . . tells courts to treat the dismissal 'as an adjudication on the merits'—meaning a dismissal with prejudice."); Hutcheon, 2019 WL 7971873, at *3 (collecting cases to support dismissal with prejudice where the plaintiff "fail[ed] to appear for his deposition, telephone status conference, or respond to [the] defendant's motion to dismiss.")

### III. Conclusion

**WHEREFORE**, for the reasons set forth above, it is hereby:

**RECOMMENDED**, that the motion to dismiss (Dkt. No. 29) be **GRANTED** and plaintiff's complaint (Dkt. No. 1) be **DISMISSED without prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with the local rules.

**IT IS SO ORDERED**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c) the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89, (2d Cir. 1993) (citing Small v. Sec'y of Health and Hum. Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); FED. R. CIV. P. 6(a), 6(e), 72.[5]

Dated: August 3, 2023
Albany, NY

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[5] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation & Order was mailed to you to serve and file objections.  See FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  See id. § 6(a)(1)(C).